**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARIE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1176** |
| **AMERICAN SECURITY INSURANCE COMPANY** | **SECTION "B"(4)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion To Remand and Motion for Attorney's Fees. (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motions are **DENIED.**

***BACKGROUND***

On or about August 29, 2005, Plaintiff's property allegedly sustained damage as a result of Hurricane Katrina. Plaintiff's American Security Insurance Company's ("American") homeowner's insurance policy was effective on August 29, 2005.

Plaintiff filed suit against Defendant in the Civil District Court For The Parish of Orleans. Defendant removed the matter to federal court claiming diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332.

Defendant contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Plaintiffs concede that the parties are diverse but claims that the amount in controversy does not exceed $75,000.00.

***DISCUSSION***

**A. Diversity Of Citizenship**

Civil actions may be removed from state court when the United States district courts have

original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). Furthermore, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interests and costs. . . ." 28 U.S.C. § 1332. All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The Louisiana Code of Civil Procedure prohibits a plaintiff from specifying a monetary demand in his or her petition. La. Code Civil Proc. Art 893(A)(1). However, post-removal affidavits may be considered to determine the amount in controversy when the basis for jurisdiction is ambiguous. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (citing *Association Nacional de Pescardores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1988)).

Plaintiff alleges that the amount in controversy does not exceed $75,000.00. However, Plaintiff does not offer evidence to rebut Defendant's arguments regarding insurance policy limits, amounts paid thus far and the application of Louisiana statutes to assess penalties and attorney's fees in addition to the remaining amount due under the policy at issue in the instant insurance claim. Furthermore, Plaintiff does not stipulate and renounce damages in excess of $75,000.00.

Plaintiff's petition for damages, insurance policy, and Louisiana statutes establish that Plaintiff's claims exceed the $75,000.00 threshold for diversity jurisdiction.

**B.**     **Plaintiff is not entitled to attorneys fees and just costs**

Plaintiff asserts that Defendant's removal lacked an objectively reasonable basis and, therefore, moves the Court to award attorneys fees and just costs. 28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees. *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. Defendant's arguments are objectively reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand and motion for attorney's fees are **DENIED**.

New Orleans, Louisiana this 8th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE